

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PALM HARBOR HOMES, INC., et al.,[1] | ) Case No. 10-13850 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Related Docket No. 22** |

### ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the Debtors' Motion for Administrative Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (the "Motion"); and upon consideration of the Cejka Declaration;[2] and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. Except as may otherwise be provided in orders of the Court authorizing the retention of specific Professionals, all Professionals in these cases may seek interim monthly

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Palm Harbor Homes, Inc. (6634); Palm Harbor Albemarle, LLC (1014); Nationwide Homes, Inc. (4881); Palm Harbor Real Estate, LLC (8234); Palm Harbor GenPar, LLC (0198); and Palm Harbor Manufacturing, LP (0199). The location of the Debtors' corporate headquarters and service address is: 15303 Dallas Parkway, Suite 800, Addison, Texas 75001.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion for Administrative Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals.

payment of compensation and reimbursement of expenses in accordance with the following procedures (the "Interim Compensation Procedures"):

    (a)    For interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred from November 29, 2010 through December 31, 2010, each Professional seeking compensation will file with the Court an application (a "Monthly Fee Application") no earlier than January 10, 2011. For interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during January 2011 and each month thereafter, each Professional seeking compensation will file with the Court a Monthly Fee Application no earlier than the tenth (10th) day of the month immediately following the month in which the services were rendered or the expenses were incurred. Each Professional filing a Monthly Fee Application will serve a copy of such Monthly Fee Application by hand, overnight delivery, or email on: (i) counsel to the Debtors, Locke Lord Bissell & Liddell LLP, 111 S. Wacker Dr., Chicago, Illinois 60606 (Attn: David W. Wirt, Aaron C. Smith and Courtney E. Barr) (dwirt@lockelord.com, asmith@lockelord.com, and cbarr@lockelord.com), and Polsinelli Shughart PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801 (Attn: Christopher A. Ward) (cward@polsinelli.com); (ii) the Office of the United States Trustee (the "U.S. Trustee"), District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; and (iii) counsel to The Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn: Robert J. Feinstein) (rfeinstein@pszjlaw.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899-8705 (courier 19801) (Attn: Laura Davis Jones) (ljones@pszjlaw.com) (individually, a "Notice Party" and collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for such month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, Local Rules, or any orders of the Court. For those Professionals who bill by the hour, each Monthly Fee Application must contain detailed time entries for each individual in increments of tenths (1/10) of an hour (unless the Court specifically orders otherwise). Each Monthly Fee Application and any notice thereof shall display clearly and conspicuously the deadline to file timely an objection to such Monthly Fee Application.

(b)　Each Notice Party shall have until 4:00 p.m. (prevailing Eastern time) on the twentieth (20th) day (or the next business day if the twentieth day is not a business day) following service of the Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon expiration of the Objection Deadline, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (a "CNO"). After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to the lesser of: (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment"); and (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to subparagraph (c) below (the "Incremental Amount").

(c)　If any Notice Party wishes to object to a Professional's Monthly Fee Application, it must: (i) file a written objection (an "Objection") with the Court on or before the Objection Deadline; and (ii) serve the Objection on the affected Professional and each of the other Notice Parties so that it is received by each of those parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either: (i) file a request with the Court for payment of the Incremental Amount; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(d)　At quarterly intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each Professional may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying: (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses paid to date or subject to an Objection; (iv) the deadline for parties and the Notice Parties to file objections (the "Additional Objections") to the

        Interim Fee Application; and (v) any other information requested by the Court or required by the Local Rules. Objections, if any, to the Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the twentieth (20th) day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

    (e)    The Debtors shall request that the Court schedule a hearing on the pending Interim Fee Application at least once every quarter or such other interval as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

    (f)    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures.

    (g)    Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Interim Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

3.    Each member of any statutory committee(s) appointed in these cases is permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Interim Compensation Procedures. Approval of these Interim Compensation Procedures does not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Bankruptcy Rules, or the practices of this Court.

4.    Only the Notice Parties shall be entitled to receive the Monthly Fee Applications, the Interim Fee Applications, any final fee applications and the notices of hearing relating thereto

(the "Hearing Notices"), and all other parties who have filed a request for service pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Hearing Notices.

5. The Debtors will include all payments made to Professionals in accordance with the Interim Compensation Procedures in its monthly operating reports, identifying the amount paid to each Professional.

6. All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       12/22, 2010

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge