# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PALM HARBOR HOMES, INC., et al.,[1] | ) | Case No. 10-13850 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related Docket No. 15** |

## FINAL ORDER AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS

Upon the Debtors' Motion for Entry of an Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors (the "Motion");[2] and upon consideration of the Cejka Declaration; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not required, in their sole discretion, to pay the Claims that the Debtors determine, in the exercise of their business judgment, are necessary, up to the amount of the Ft. Hood Vendor Cap ($2,150,000), the Lien Right Vendor Cap ($2,100,000), and the Supply Vendor Cap ($500,000), as applicable and as limited by the DIP Budget.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Palm Harbor Homes, Inc. (6634); Palm Harbor Albemarle, LLC (1014); Nationwide Homes, Inc. (4881); Palm Harbor Real Estate, LLC (8234); Palm Harbor GenPar, LLC (0198); and Palm Harbor Manufacturing, LP (0199). The location of the Debtors' corporate headquarters and service address is: 15303 Dallas Parkway, Suite 800, Addison, Texas 75001.

[2] Capitalized terms used but not defined herein shall have the meaning assigned to such terms in the Motion.

3. The Debtors are authorized, but not required, in their sole discretion to enter into an agreement with a Critical Vendor substantially in the form as the Critical Vendor Agreement annexed to the Motion as Exhibit B in the exercise of the Debtors' reasonable business judgment that it is appropriate to do so.

4. The Debtors are authorized to undertake appropriate efforts to cause the Vendors to enter into a Critical Vendor Agreement substantially in the form of the Critical Vendor Agreement annexed to the Motion as Exhibit B.

5. The Debtors are authorized, as the Debtors deem necessary in the exercise of their reasonable business judgment, to require a Critical Vendor to execute the Critical Vendor Acknowledgement substantially in the form as the one annexed to the Motion as Exhibit C.

6. The Debtors are authorized to make payments on account of the Claims in the absence of a Critical Vendor Agreement after the Debtors have undertaken diligent efforts to cause the Critical Vendor holding the Claim to execute the applicable agreement and to agree to the terms set forth therein and if the Debtors determine in their business judgment that the failure to pay such Claim, at least in part, is likely to result in irreparable harm.

7. The Debtors are authorized to negotiate and enter into new trade terms with any Critical Vendor as a condition to payment of any Claim.

8. As a further condition of receiving payment on account of a Claim, the applicable Critical Vendor must agree: (a) to take whatever action is necessary to remove, at its sole cost and expense, any Trade Liens that may have been filed by such Critical Vendor; and (b) to not contest the assumption of any purchase order issued by the Debtors to such vendor on the grounds that such purchase order is not an executory contract or any other reason.

9. If a Critical Vendor breaches a Critical Vendor Agreement or otherwise refuses to supply goods and/or services to the Debtors pursuant to the terms of such agreement and this Order following receipt of payment of its Claim, the Debtors, in their discretion, (a) may declare without further order of the Court (i) that any payments made to such Critical Vendor on account of its Claim shall be deemed to have been made in satisfaction of any outstanding postpetition claims and (ii) demand the repayment of the Claim to the extent the aggregate amount of such claim exceeds the postpetition obligations then outstanding without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise, or (b) seek an order of the Court requiring such Critical Vendor to disgorge the funds used to pay the Claim; provided, however, that nothing in this paragraph shall preclude a Critical Vendor from contesting such treatment.

10. All applicable banks and financial institutions are hereby authorized and directed to receive, process, honor, and pay any and all checks evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order.

11. The Debtors are authorized to issue postpetition checks as necessary to replace any prepetition checks issued with respect to the Claims that may have been dishonored. The relief granted herein and the Debtors' actions in connection with the performance of such relief shall not be deemed or construed as: (i) an admission as to the validity of any Claim against the Debtors; (ii) a waiver of the Debtors' right to dispute or contest any claim for any reason; (iii) a promise or requirement to pay any Claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to

assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or that any such agreement is executory or an unexpired lease; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable non-bankruptcy law.

12. Notwithstanding anything to the contrary in this Order, the Debtors shall follow the following procedures prior to the payment of any Critical Vendor:

- The Debtors shall provide counsel to the Creditors' Committee with a list, which may be provided by electronic mail, of any Critical Vendors sought to be paid (the "Critical Vendor List"), which shall identify, without limitation, the following information: (i) the Debtor(s) against which the Critical Vendor is asserting a claim; (ii) the amount of the Critical Vendor Claim; (iii) the Critical Vendor; (iv) the basis for the Critical Vendor Claim, including the amount of such Critical Vendor Claim that is entitled to priority under section 503(b)(9) of the Bankruptcy Code and the amount that is a general unsecured claim; and (v) and any other information reasonably requested by counsel to the Creditors' Committee;

- Advisors to the Creditors' Committee shall have through 5:00 p.m. prevailing Eastern Time on the third business day after receipt of the Critical Vendor List to review the Critical Vendor List (the "List Review Period") and notify the Debtors in writing, which may be by electronic mail, of any issues (the "Issues") with respect to the payment of any Critical Vendor;

- If counsel to the Creditors' Committee does not notify the Debtors of any Issues by the expiration of the List Review Period, or if counsel to the Creditors' Committee consents to the proposed Critical Vendor Payments before expiration of the List Review Period, the Debtors shall be permitted to pay the respective Critical Vendors, subject to the terms of this Order; and

- If counsel to the Creditors' Committee timely notifies the Debtors of any Issue with respect to any Critical Vendor payment (a "Questioned Payment") prior to the expiration of the List Review Period, then the Debtors shall not pay such Questioned Payment without further order of this Court or consent of counsel to the Creditors' Committee; provided, however, that the Debtors may pay any other Critical Vendor claim on the Critical Vendor List other than any Questioned Payment.

13. The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

15. This Order shall be immediately effective and enforceable upon its entry. To the extent it may be applicable, the fourteen-day stay imposed by the Bankruptcy Rule 6004(h) is hereby waived.

16. The requirements of Bankruptcy Rule 6004(a) are waived.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____12/22_____, 2010

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge