IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PALM HARBOR HOMES, INC., et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-13850 (CSS)<br><br>Jointly Administered |

Objection Deadline: January 13, 2011 at 4:00 p.m. (prevailing Eastern time)
Hearing Date: January 20, 2011 at 9:00 a.m. (prevailing Eastern time)

## APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER, PURSUANT TO 11 U.S.C. §§ 327 AND 1103, FED. R. BANKR. P. 2014, AND LOCAL BANKRUPTCY RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO DECEMBER 13, 2010

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submits its application (the "Application") for the entry of an order authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in connection with the Debtors' chapter 11 cases (the "Cases"), *nunc pro tunc* to December 13, 2010, pursuant to sections 327 and 1103(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Palm Harbor Homes, Inc., a Florida corporation (6634); Palm Harbor Albemarle, LLC (1014); Nationwide Homes, Inc. (4881); Palm Harbor Real Estate, LLC (8234); Palm Harbor GenPar, LLC (0198); and Palm Harbor Manufacturing, LP (0199). The location of the Debtors' corporate headquarters and service address is: 15303 Dallas Parkway, Suite 800, Addison, Texas 75001.

68901-002\DOCS_DE:166283.1

Bankruptcy Rules"). In support of the relief sought in the Application, the Committee submits the declaration of Laura Davis Jones, a partner of the Firm (the "Jones Declaration"), attached hereto as Exhibit A and incorporated herein by reference. In further support of the Application, the Committee respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1.

### Background

4. On November 29, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 1, 2010, this Court entered an order jointly administering these Cases pursuant to Bankruptcy Rule 1015(b). No trustee or examiner has been appointed in these cases.

6. On December 13, 2010, the United States Trustee for Region 3 appointed the Committee to represent the interests of all unsecured creditors in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) American Stock Transfer & Trust Company LLC; (ii) AQR Absolute Master Account, LP

C/O CNH Partners.; (iii) Greenwood Investments, Inc.; (iv) Centaur Performance Group.; (v) Universal Forest Products, Inc.; (vi) Kinro, Inc.; and (vii) Atlantic Service & Supply LLC..

7. On December 13, 2010, the Committee held its initial meeting and, among other things, voted to retain the Firm as its counsel, subject to Court approval. On December 13, 2010, the Committee retained Morgan Joseph & Co. Inc. as its financial advisors.

8. The Firm's retention is requested *nunc pro tunc* to December 13, 2010 as that is the date the Committee first requested PSZJ to render legal services on behalf of the Committee, and the Firm has been actively advising the Committee since that date.

9. The Firm has over 65 attorneys with a practice concentrated on reorganization, bankruptcy, litigation and commercial matters. The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees and others in a wide variety of bankruptcy cases. Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and others, including NEC Holdings Corp., Circuit City Stores, Inc., Chrysler LLC (conflicts counsel), Flying J Inc., Freedom Communications, JHT Holdings, Inc., Jevic Holding Corp., Salander-O'Reilly Galleries, LLC, Movie Galley, Inc., DJK Residential, LLC, Empire Beef Co., Inc., and Agway, Inc., among others. Based on these facts, the Committee believes that the Firm is well-qualified to render the services as described below.

### Relief Requested

10. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit B, pursuant to sections 327 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, authorizing the Committee to employ and retain the Firm as its counsel in these Cases. The Committee seeks to retain the Firm *nunc pro tunc* to December 13, 2010 because the Firm

began providing services to the Committee as of such date. The Committee believes that such *nunc pro tunc* retention is appropriate in these Cases because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of these Cases, and the Firm has been providing services to the Committee since December 13, 2010.

## Services to be Rendered

11.    Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

    a.    Assisting, advising and representing the Committee in its consultations with the Debtors regarding the administration of these Cases;

    b.    Assisting, advising and representing the Committee with respect to the Debtors' retention of professionals and advisors with respect to the Debtors' businesses and these Cases;

    c.    Assisting, advising and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

    d.    Assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

    e.    Assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this case or to the formulation of a plan;

    f.    Assisting, advising and representing the Committee in connection with any sale of the Debtors' assets.

    g.    Assisting, advising and representing the Committee in its participation in the negotiation, formulation, or objecting to any plan of liquidation or reorganization;

h. Advising the Committee on the issues concerning the appointment of a trustee or examiner under Section 1104;

i. Assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

j. Assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

k. Providing such other services to the Committee as may be necessary in these Cases.

**No Adverse Interest and Disclosure of Connections**

12. The Committee believes that PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtors, their creditors or any party-in-interest herein in the matters upon which PSZJ is to be retained, except as set forth in the Jones Declaration. Therefore, to the best of the Committee's knowledge, PSZJ is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

13. The Jones Declaration, executed by Laura Davis Jones, a partner of PSZJ, and filed contemporaneously with this Application, verifies that neither PSZJ nor any of its attorneys have any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Jones Declaration.

14. Except as provided in the Jones Declaration, to the best of the Committee's knowledge, neither PSZJ, nor any of its attorneys, hold or represent any interest adverse to the Committee or the Debtors' estates in the matters on which they are to be retained. The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee and its members.

15. To the best of the Committee's knowledge, and except as disclosed in the Jones Declaration, PSZJ has had no other prior connection with the Debtors, their creditors or any other party in interest. Upon information and belief, PSZJ does not hold or represent any interest adverse to the Debtors' estates, the Committee, or the creditors the Committee represents in the matters upon which it has been and is to be engaged.

16. PSZJ represents many committees in other bankruptcy cases, the members of which (together with other creditors of these cases) may be creditors of the Debtors. However, PSZJ will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

17. Similarly, PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these Cases.

**Professional Compensation**

18. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The current hourly rates charged by PSZJ for professional and paralegals employed by the Firm are:

| | |
|---|---|
| Partners | $550 - $950 |
| Of Counsel | $475 - $725 |
| Associates | $345 - $495 |
| Paralegals | $175 - $255 |

19. The professionals and paralegals presently designated to represent the Committee and their current standard hourly rates are:

(a)  Laura Davis Jones          $895.00 per hour

| | | |
|---|---|---|
| (b) | Robert J. Feinstein | $895.00 per hour |
| (c) | Bradford J. Sandler | $675.00 per hour |
| (d) | James E. O'Neill | $650.00 per hour |
| (e) | Shirley S. Cho | $650.00 per hour |
| (f) | Peter J. Keane | $345.00 per hour |
| (f) | Karina K. Yee | $245.00 per hour |

20. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters herein described.

21. The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients and within the guidelines set forth in Local Bankruptcy Rule 2014-1, and all amendments and supplemental standing orders of the Court.

PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## Notice

22. Notice of this Application has been given to the following parties: (a) the U.S. Trustee; (b) counsel for the Debtors; (c) counsel to the Debtors' DIP Lenders; and (d) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

23. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests entry of an Order substantially in the form attached hereto as Exhibit B, authorizing the Committee to employ and retain PSZJ as counsel, *nunc pro tunc* to December 13, 2010, and granting such other and further relief as is just and proper.

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PALM HARBOR HOMES, INC., et al.

Dated: January 3, 2011

By: /s/

AQR Absolute Return
Master Account, VP c/o CNH Partners.
by: Todd Pulvino, Ph. D.

Chair, Official Committee of
Unsecured Creditors of Palm Harbor Homes, Inc., et al.