# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PALM HARBOR HOMES, INC., et al.[1] | Case No. 10-13850 (CSS) |
| Debtors. | Jointly Administered |

**DECLARATION OF LAURA DAVIS JONES IN SUPPORT OF APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER PURSUANT TO 11 U.S.C. §§ 327 AND 1103, FED. R. BANKR. P. 2014, AND LOCAL BANKRUPTCY RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO DECEMBER 13, 2010**

LAURA DAVIS JONES, declares under penalty of perjury as follows:

1. I am a partner in the firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), located at 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, and have been duly admitted to practice law in the State of Delaware, the United States District Court for the District of Delaware, the United States Court of Appeals for the Third Circuit, and the Supreme Court of the United States. I am authorized to submit this declaration (the "Declaration") in support of the Application of Official Committee of Unsecured Creditors for Order Pursuant to 11 U.S.C. §§ 327 and 1103, Fed. R. Bankr. P. 2014, and Local Bankruptcy Rule 2014-1, Authorizing and Approving the Employment and Retention of Pachulski Stang

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Palm Harbor Homes, Inc., a Florida corporation (6634); Palm Harbor Albemarle, LLC (1014); Nationwide Homes, Inc. (4881); Palm Harbor Real Estate, LLC (8234); Palm Harbor GenPar, LLC (0198); and Palm Harbor Manufacturing, LP (0199). The location of the Debtors' corporate headquarters and service address is: 15303 Dallas Parkway, Suite 800, Addison, Texas 75001.

Ziehl & Jones LLP as counsel to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to December 13, 2010 (the "Application").[2]

2. Neither I, the Firm, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or any other parties in interest herein, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

3. Bankruptcy Code § 1103(b) does not incorporate the general "disinterestedness" standard of Code § 327(a). However, Bankruptcy Rule 2014 requires that an application for employment under Section 1103 disclose all connections with the Debtors, the estates, the professionals and the Office of the Trustee. The Firm, therefore, discloses its known connections herein.

4. The Firm has made the following investigation of disinterestedness prior to submitting this Declaration. The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of the Firm, under my supervision, entered the names of the Debtors, the Debtors' known secured creditors, the Debtors' known shareholders, and the 30 largest unsecured creditors of the Debtors .

---

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

5. Based on the results of the Firm's search of its database, it appears that PSZJ does not hold or represent any interest adverse to and has no connection, subject to the disclosures set forth below, with the Debtors herein, their creditors, the U.S. Trustee or any party-in-interest herein in the matters upon which PSZJ is to be retained, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, subject to the following material disclosures:

> (a) Morgan Joseph & Co. Inc. ("Morgan Joseph") was appointed as the debtors' financial advisors and investment bankers in the Chapter 11 cases of CEI Liquidating Estates, Case No. 09-14109 (KG) pending in the United States Bankruptcy Court for the District of Delaware (the "CEI Case"). PSZJ serves as debtors' counsel in the CEI case. Morgan Joseph's work is completed in the CEI Case. Morgan Joseph is the proposed financial advisor and investment banker to the Committee in the Chapter 11 Cases.
>
> (b) The firm served as counsel to the Official Committee of Unsecured Creditors (the "Fleetwood Committee") in the case of Fleetwood Enterprises, Inc., et al., chapter 11 case No. 09-14254 pending in the United States Bankruptcy Court for the Central District of California (Riverside). The Fleetwood Committee is disbanded. The Firm serves as counsel to the Fleetwood Liquidation Trust. Cavco Industries, Inc. acquired the manufactured housing assets of the debtors in the Fleetwood Enterprises, Inc. bankruptcy cases, including the name Fleetwood Homes, Inc. Fleetwood Homes, Inc. is the DIP lender in the Debtors' cases and Palm Harbor Homes, Inc., a Delaware corporation, an affiliate of Cavco, Industries, Inc. is the stalking-horse purchaser for the Debtors' assets.

6. Based on the foregoing, PSZJ believes that it can be adverse to the Debtors' lenders and can represent the Committee in, among other things, any review and challenge of liens asserted against the Debtors as well as any objection to the plan of reorganization proposed by the Debtors.

7. PSZJ represented, represents, and in the future will likely represent many committees in matters unrelated to the Debtors and these Cases, whose members may be creditors and/or committee members in these Cases. The Firm, however, is not representing any

of those entities in these Cases and will not represent any members of these committees in any claims that they may have collectively or individually against the Debtors.

8. PSZJ and certain of its partners, of counsel, and associates represented, represent and in the future will likely represent creditors of the Debtors in connection with matters unrelated to the Debtors and these Cases. At this time, the Firm is not aware of any such representations except as noted herein. If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

9. The Firm has represented, represents, and in the future will likely represent debtors and creditors committees in cases unrelated to the Debtors and these Cases wherein one or more of the firms representing the Debtors or other parties-in-interest serve as or will serve as professionals.

10. PSZJ represents many committees in other bankruptcy cases, the members of which (together with other creditors of these cases) may be creditors of the Debtors. However, PSZJ will not represent any members of those committees with respect to any claims that they may have individually against the Debtors.

11. PSZJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel and associates:

(a) are not creditors, equity security holders or insiders of the Debtors;

(b) are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors;

(c) are not and were not, within three (3) years before the Petition Date, an investment banker for a security of the Debtors, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtors; and

(d) do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

12. The Firm has received no retainer from the Debtors or the Committee, nor has the Firm received any payment or promise of payment, during the one-year period prior to the Petition Date. No compensation has been paid or promised to be paid from a source other than the Debtors' estates in these Cases. No promises have been received by the Firm nor by any partners, of counsel or associate thereof as to compensation in connection with these Cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Cases, except among the partners, of counsel, and associates of the Firm. Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

13. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The current hourly rates charged by PSZJ for professional and paralegals employed in its offices are:

| | |
|---|---|
| Partners | $525 - $950 |
| Of Counsel | $475 - $725 |
| Associates | $345 - $495 |
| Paralegals | $175 - $255 |

The professionals and paralegals presently designated to represent the Committee and their current standard hourly rates are:

| | | |
|---|---|---|
| (a) | Laura Davis Jones | $895.00 per hour |
| (b) | Robert J. Feinstein | $895.00 per hour |
| (c) | Bradford J. Sandler | $675.00 per hour |
| (d) | James E. O'Neill | $650.00 per hour |
| (e) | Shirley S. Cho | $650.00 per hour |
| (f) | Peter J. Keane | $345.00 per hour |
| (f) | Karina K. Yee | $245.00 per hour |

14. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature, which are subject to adjustment from time to time. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein, and the Firm will charge its standard hourly rates for their services. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval,

photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and in accordance with the guidelines set forth in Local Bankruptcy Rule 2014-1, and all amendments and supplemental standing orders of the Court. The Firm believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15. Subject to Court approval, the Committee may seek to retain various professionals during the pendency of these chapter 11 cases. PSZJ intends to work closely with all professionals retained by the Committee, including Morgan Joseph & Co., Inc., to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 3, 2011

Laura Davis Jones