# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PALM HARBOR HOMES, INC., et al.,[1] | ) Case No. 10-13850 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Objection Deadline: April 12, 2011 at 4:00 p.m. (ET) |
| | ) Hearing Date: April 19, 2011 at 2:00 p.m. (ET) |

## MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN

Palm Harbor Homes, Inc. ("Palm Harbor") and its related debtors (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned cases, hereby file their Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File and Solicit Acceptances of a Chapter 11 Plan (the "Motion"). In support hereof, the Debtors respectfully state:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Palm Harbor Homes, Inc. (6634); Palm Harbor Albemarle, LLC (1014); Nationwide Homes, Inc. (4881); Palm Harbor Real Estate, LLC (8234); Palm Harbor GenPar, LLC (0198); and Palm Harbor Manufacturing, LP (0199). The location of the Debtors' corporate headquarters and service address is: 15305 Dallas Parkway, Suite 700, Addison, Texas 75001.

1

## II.
## BACKGROUND

3. On November 29, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the above-captioned chapter 11 cases. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Declaration of Brian E. Cejka in Support of Chapter 11 Petitions and First Day Pleadings (the "Cejka Declaration"), filed on the Petition Date and fully incorporated herein by reference.[2]

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee has been appointed in these cases. On December 14, 2010, the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). On January 25, 2011, the Court appointed a fee examiner (the "Fee Examiner").

6. On March 4, 2011, the Court entered an *Order Pursuant to 11 U.S.C. §§ 363 and 365 (A) Authorizing and Approving Asset Purchase Agreement By and Among the Debtors, as Sellers, and Palm Harbor Homes, Inc., a Delaware Corporation, as Purchaser, Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and (C) Granting Related Relief* (the "Sale Order").

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Cejka Declaration.

### III.
### RELIEF REQUESTED

7. By this Motion, the Debtors request the entry of an order (the "Order"), attached hereto as Exhibit A, that: (a) extends the period in which the Debtors have the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") by fifty-nine (59) days, through and including May 27, 2011; and (b) extends the period in which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusivity Periods") by fifty-nine (59) days, through and including July 29, 2011. The Debtors also request that these extensions be without prejudice to the Debtors' right to request further extensions of the Exclusivity Periods or to seek other appropriate relief.

### IV.
### BASIS FOR RELIEF REQUESTED

8. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan. In these chapter 11 cases, the Exclusive Filing Period will expire on March 29, 2011.

9. Section 1121(c) of the Bankruptcy Code provides that if a debtor files a chapter 11 plan within the 120-day Exclusive Filing Period, the debtor has an initial period of 180 days after the commencement of its chapter 11 case to solicit acceptances of its chapter 11 plan. In these chapter 11 cases, the Exclusive Solicitation Period will expire on May 31, 2011.

10. Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend, for cause, the Exclusive Filing Period by as much as eighteen months, and the Exclusive Solicitation Period by as much as twenty months. Specifically, section 1121(d) of the Bankruptcy Code provides:

(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

(2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

(B) The 180-day period specified in paragraph (2) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

11. Courts have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case. See, e.g., First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986); In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wisc. 1986); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re Dow Corning Corp., 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); In re Mid-State Raceway, Inc., 323 B.R. 63, 68 (Bankr. N.D.N.Y. 2005).

12. Although the Bankruptcy Code does not define "cause" for the purpose of an extension of the Exclusivity Periods, courts have looked to the legislative history of section 1121(d) of the Bankruptcy Code for guidance. See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). In doing so, courts have found that Congress did not intend the 120- and 180-day periods to serve as strict deadlines. Amko Plastics, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity); Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987) ("[t]he hallmark of . . . [section 1121(d)] is flexibility"). Rather, Congress intended that the Exclusivity Periods be of adequate length, given

the circumstances, for a debtor to formulate, negotiate, and draft a viable plan. See H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted) ("[t]he court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. [T]he bill allows the flexibility for individual cases that is not available today").

13. Courts have also examined a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and therefore, whether there is "cause" for an extension of the Exclusivity Periods. These factors include:

(a) the size and complexity of the case;
(b) the necessity of sufficient time to negotiate and prepare adequate information;
(c) the existence of good faith progress;
(d) whether the debtor is paying its debts as they become due;
(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f) whether the debtor has made progress negotiating with creditors;
(g) the length of time a case has been pending;
(h) whether the debtor is seeking an extension to pressure creditors; and
(i) whether unresolved contingencies exist.

See In re R.G. Pharm., Inc., 374 B.R. 484, 487 (Bankr. D. Conn. 2007); In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In re Friedman's Inc., 336 B.R. 884, 888 (Bankr. D. Ga. 2005); In re Central Jersey Airport Servs., LLC, 282 B.R. 176, 183 (Bankr. D.N.J. 2002).

14. Not all factors are relevant to every case, as courts tend to use a relevant subset of the above factors to determine whether cause exists to grant extensions of the Exclusivity Periods in a particular chapter 11 case. See, e.g., Express One Int'l, 194 B.R. at 100 (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusive periods); In re

United Press Int'l, Inc., 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusive periods based on three of the factors).

15.   "Cause" exists to extend the Exclusivity Periods in the Debtors' chapter 11 cases. As noted above, the Court entered the Sale Order on March 4, 2011. Prior to the entry of the Sale Order, the Debtors focused their efforts on the auction and sale of substantially all of the Debtors' assets. Now that the Court has approved the Sale Order, the Debtors plan to focus their efforts on closing the sale, and on formulating and confirming a chapter 11 plan.

16.   The case has been pending for approximately three and one-half months. Given that the Court has already approved the sale of substantially all of the Debtors' assets in this short time, the Debtors respectfully submit that drafting a viable chapter 11 plan, as well as the solicitation of votes to approve such plan, will require time beyond the current 120- and 180-day Exclusivity Periods. The Debtors anticipate that the requested extensions will provide them with sufficient time.

17.   The Debtors have neither sought nor obtained previous extensions of the Exclusivity Periods, and the Debtors' requests for a fifty-nine (59) day extension of the Exclusive Filing Period and a fifty-nine (59) day extension Exclusive Solicitation Period are but a fraction of the 18- and 20-month extensions permitted under section 1121(d) of the Bankruptcy Code.

18.   Based on the foregoing, the Debtors respectfully submit that cause exists to extend the Debtors' Exclusivity Periods pursuant to section 1121(d) of the Bankruptcy Code.

## V.
## NOTICE

19. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) the Office of the United States Attorney for the District of Delaware; (iv) counsel to the Committee; (v) counsel to the DIP Lender and the Buyer; and (vi) all parties that have requested notice. Notice of this Motion will be served in accordance with Local Bankruptcy Rule 2002-1(b). In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## VI.
## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

1933915.1

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an Order in substantially the same form as that attached as Exhibit A, granting the relief requested herein; and (ii) provide such other relief as the Court deems appropriate and just.

Dated: Wilmington, Delaware
March 25, 2011

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP
David W. Wirt (Admitted Pro Hac Vice)
Aaron C. Smith (Admitted Pro Hac Vice)
Courtney E. Barr (Admitted Pro Hac Vice)
111 S. Wacker Drive
Chicago, Illinois 60606-4410
Telephone: (312) 443-0485
Fax: (312) 443-0336

-and-

POLSINELLI SHUGHART PC

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Fax: (302) 252-0921

COUNSEL FOR THE DEBTORS

1933915.1