## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| PALM HARBOR HOMES, INC., et al., ) | |
| ) | Case No. 10-13850 (CSS) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**Claim No.: 949**
**Date Filed: 3/24/2011**
**Claim Amount: $122,879.10**

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY
### PURSUANT TO FRBP RULE 3001(e)(2)

**TO:   TRANSFEROR:**   US GreenFiber, LLC
Katherine J. Clayton, Esq.
Brooks, Pierce, ET AL., LLP
150 Fayetteville Street, Suite 1600
Raleigh, NC 27601

PLEASE TAKE NOTICE of the transfer of all right, title and interest in Claim number 949 against Palm Harbor Homes, Inc. in the amount of $122,879.10 as evidenced by the attached Assignment of Claim Agreement to:

**TRANSFEREE:**   Pioneer Credit Opportunities Fund, LP
(where notices and   Attn: Adam Stein-Sapir
payments to transferee   Greeley Square Station, P.O. Box 20188
should be sent)   39 W. 31st Street
New York, NY 10001
Tel: 646-237-6969

No action is required.  IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:

- FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
- IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
- IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

_____
Clerk of the Court

# ASSIGNMENT OF CLAIM AGREEMENT

**Assignment of Claim.** US GreenFiber, LLC, with a principal address of 2500 Distribution Street, Suite 200, Charlotte, NC 28203 (hereinafter "Seller"), in consideration of the sum of $ _____ ("Purchase Price"), which is equal to the sum of (a) the product of the General Unsecured Claim (defined below) times ____% (the "General Unsecured Claim Purchase Rate") and (b) the product of the Administrative Claim (defined below) times ____% (the "Administrative Claim Purchase Rate"), does hereby transfer to Pioneer Credit Opportunities Fund, L.P., having an address at Greeley Square Station, P.O. Box 20188, New York, NY 10001 and any of its successors, assigns or designees (hereinafter "Buyer", and together with the Seller, the "Parties"), all of Seller's right, title and interest in and to the Claim of Seller, as more specifically set forth below (collectively the "Claim") against Palm Harbor Homes, Inc. or its affiliates (collectively the "Debtor"), Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the District of Delaware (the "Court") jointly administered under Case No. 10-13850, in the currently outstanding amount of not less than $122,879.10 (the "Claim Amount") comprised of a Section 503(b)(9) administrative priority claim in the amount of $26,719.00 (the "Administrative Claim") and a general unsecured claim of $96,160.10 (the "General Unsecured Claim") and all rights and benefits of Seller relating to the Claim, including without limitation (i) the Proof of Claim identified below, (ii) Seller's rights to receive all interest, penalties, cure payments, and fees, if any, which may be paid with respect to the Claim, (iii) any actions, Claim, rights or lawsuits against Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, (iv) all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim and, (v) if applicable, the right to participate in any future offerings of debt, securities or other rights by the Debtor. The Claim are based on amounts owed to Seller by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

**Proof of Claim.** Seller represents and warrants that a proof of claim in the amount of $122,879.10 (No. 949) has been duly and timely filed in the Proceedings, a true copy of such proof of claim is attached to this Assignment of Claim Agreement (the "Agreement").

**Representations: Warranties and Covenants.** Seller further represents and warrants that (a) the General Unsecured Claim is a valid, undisputed, liquidated, non-contingent, allowable and enforceable general unsecured claim against the Debtor based on amounts owed to Seller for goods and/or services provided to the Debtor prior to the commencement of the Proceedings; (b) the Administrative Claim is not less than the amount listed above and is a valid administrative expense claim against the Debtor pursuant to Sections 503 and 507 of the Bankruptcy Code based on amounts owed to Seller for goods received by the Debtor within twenty (20) days before the date of the commencement of the Proceedings, which goods were sold to the Debtor in the ordinary course of the Debtor's business; (c) this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement; (d) this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (e) no payment or distribution has been received by Seller or on behalf of Seller in full or partial satisfaction to the Claim; (f) Seller has not previously sold, assigned, transferred or pledged the Claim, in whole or in part, to any third party; (g) Seller is the sole owner and has good title to the Claim free and clear of any and all liens, security interests, Claim or encumbrances of any kind or nature whatsoever including without limitation, pursuant to any factoring or other financing agreements, and upon the execution of this Agreement, Buyer will receive good title to the Claim; (h) Debtor, or any other third party, has no basis to assert the Claim is subject to any defense, claim or right of setoff, reduction, impairment, disallowance, subordination or avoidance, including preference actions, whether on contractual, legal or equitable grounds; (i) Seller has not engaged in any acts or conduct or made any omissions that might result in Buyer receiving proportionally less in payments or distributions under, or less favorable treatment for, the Claim than is received by other unsecured creditors against the Debtor; (j) Seller is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (k) Seller has fully performed and satisfied all of its obligations (if any) to the Debtor; (l) Buyer shall not assume or be responsible for any obligations or liabilities of Seller related to or in connection with the Claim, the Claim Documentation or the Proceedings; and (m) Seller is not an "insider", as that term is defined in Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial committee in the Proceedings. Seller agrees to indemnify Buyer from all losses, damages and liabilities (including, but not limited to, attorney's fees and expenses) which result from the breach of any representation, warranty or covenant by Seller as set forth herein.

The Parties are aware that the Purchase Price received herein may differ both in kind and amount from any distributions ultimately made pursuant to any plan of reorganization or liquidation confirmed by the Court in the Proceedings. Seller and Buyer each acknowledge that the other may possess material non-public information concerning the Claim and/or the Debtor's financial condition or prospects. The Parties have agreed to the Purchase Price based on their own independent investigation and credit determination.

**Claim Impaired or Allowed for an Amount Less than Claim Amount.** If any or all of the General Unsecured Claim is disallowed, avoided, reduced, disputed, objected to, enjoined, or otherwise impaired for any reason whatsoever, in whole or part, in each case that results in the General Unsecured Claim being less than $96,160.10 (each, a "General Unsecured Claim Disallowance"), then, Seller shall, upon written demand by Buyer and in Buyer's sole discretion, repay to Buyer an amount equal to the product of (i) that portion of the General Unsecured Claim subject to General Unsecured Claim Disallowance and (ii) the General Unsecured Claim Purchase Rate, together with interest, calculated at the rate of six percent (6%) per annum, from the date of Seller's execution of this Agreement until the date that such restitution payment is received by Buyer; provided that Buyer's demand for such payment shall not be deemed an election of remedies or any limitation on any other rights that Buyer may have hereunder or under applicable law. Seller further agrees to reimburse Buyer for all reasonable costs and expenses incurred by Buyer as a result of Seller's failure to make proportional restitution or repayment within 15 days after receiving notice of such General Unsecured Claim Disallowance.

If any or all of the Administrative Claim is disallowed, avoided, subordinated, reduced, disputed, objected to, enjoined, or otherwise impaired for any reason whatsoever, or if the Administrative Claim is not allowed as an administrative expense claim, in each case that results in the Administrative Claim being less than $26,719.00 (each, an "Administrative Claim Disallowance"), then, Seller shall, upon written demand by Buyer and in Buyer's sole discretion, repay to Buyer an amount equal to the product of (i) that portion of the

# ASSIGNMENT OF CLAIM AGREEMENT

Administrative Claim subject to Administrative Claim Disallowance and (ii) the Administrative Claim Purchase Rate, together with interest, calculated at the rate of six percent (6%) per annum, from the date of Seller's execution of this Agreement until the date that such restitution payment is received by Buyer; provided that Buyer's demand for such payment shall not be deemed an election of remedies or any limitation on any other rights that Buyer may have hereunder or under applicable law. Seller further agrees to reimburse Buyer for all reasonable costs and expenses incurred by Buyer as a result of Seller's failure to make proportional restitution or repayment within 15 days after receiving notice of such Administrative Claim Disallowance.

Buyer will assume all of the recovery risk in terms of the amount paid on the Claim, if any, at Debtor's emergence from bankruptcy or liquidation. Should it be determined that any transfer by the Debtor to the Seller is or could have been avoided as a preferential payment, Seller shall repay such transfer to the Debtor.

**Notices (including Voting Ballots) Received by Seller; Further Cooperation.** Seller agrees to immediately forward to Buyer any and all notices received from Debtor, the Court or any other court or government entity or any third party regarding the Claim and to take such other action, with respect to the Claim, as Buyer may request from time to time. Seller agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be reasonably necessary or appropriate to effect sale of the Claim to Buyer, and if for any reason, Seller (and not Buyer) is entitled to exercise any such rights after the date hereof (including, without limitation, the right to vote) Seller agrees to duly and timely exercise such rights or refrain from acting as directed by Buyer. Seller agrees that in the event Seller shall receive any payments or distributions with respect to the Claim after the date hereof, Seller agrees to accept the same as Buyer's agent and to hold the same in trust on behalf of and for the benefit of Buyer. Seller agrees to deliver the same forthwith to Buyer in the same form received, within 2 business days in the case of cash and within 5 business days in the case of securities, which are in good deliverable form, together with any endorsements or documents necessary to transfer such property to Buyer.

**Limited Power of Attorney.** Seller hereby irrevocably appoints Buyer as its true and lawful attorney with respect to actions relating to the Claim and authorizes Buyer to act in Seller's name to demand, sue for, compromise and recover all such amounts which now are, or may hereafter become due and payable for, or on account of the Claim. Seller grants unto Buyer full authority to do all things necessary to enforce the Claim and Buyer's rights thereunder pursuant to this Agreement. Seller agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Buyer. Buyer shall have no obligation to prove, defend or take affirmative action with respect to proving the Claim's validity or amount in the Proceedings.

**Governing Law, Personal Jurisdiction and Service of Process.** This Agreement shall be construed and the obligations of the Parties hereunder shall be determined in accordance with the laws of the State of New York without reference to any conflicts of law provisions. Any action arising under or relating to this Agreement must be brought in a State or Federal court located in New York County in the State of New York. Each party hereto consents to service of process by certified mail at its address listed above. Each party hereto irrevocably and unconditionally waives its right to trial by jury and consents to the jurisdiction of the courts located in the State of New York in any action to enforce, interpret or construe any provision of this Agreement.

**Execution of Agreement.** This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Buyer and (b) the Agreement is executed by a proper representative of Buyer and (c) Buyer shall make payment of the Purchase Price to the Seller within two (2) business days of execution of this Agreement.

**Consent and Waiver.** Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives (a) its right to raise any objections hereto and (b) its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

**Miscellaneous.** Seller agrees that this Agreement and all its terms are confidential and may not be disclosed, except to Seller's advisors, without the prior written consent of Buyer. Buyer shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond. Each party expressly acknowledges and agrees that it is not relying upon any representations, promises, or statements (including the status of the Proceedings, condition of the Debtor or any other matter relating to the Debtor, the Proceedings or the Claim), except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. This Agreement (a) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the Parties; (b) constitutes the entire agreement and understanding between the Parties hereto with respect to the subject matter hereof; and (c) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Buyer may at any time re-assign the Claim, or any portion thereof, together with all right, title and interest of Buyer in and to this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any such re-assignment. The terms of this Agreement shall be binding upon, and shall inure to the benefit of and be enforceable by Seller, Buyer and their respective successors and assigns. This Agreement may be executed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall be deemed to constitute a single agreement. Failure or delay on the part of the Buyer to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

## ASSIGNMENT OF CLAIM AGREEMENT

IN WITNESS WHEREOF, the undersigned hereunto set its hand this 21 day of MARCH, 2011.

US GreenFiber, LLC ("Seller")

By _____
Signature

Ron Martin     CFO
Print Name and Title

704-379-0650   Ron.Martin@GreenFiber.com
Telephone / Email

Pioneer Credit Opportunities Fund, L.P. ("Buyer")

_____
Signature

Adam D. Stein-Sapir – Managing Member
Print Name and Title

646-237-6969 / ADAM@PFLLC.COM
Telephone / Email