B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Palm Harbor Homes, Inc.                                    Case No. 10-13850

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Debt Acquisition Group, LLC | Mathew Smith dba Redline Signs |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
10 Rockefeller Center, Suite 601
New York, NY 10020

Court Claim # (if known): 1192
Amount of Claim: $949.55
Date Filed: 4/15/11

Phone: 212 265 7016
Last Four Digits of Acct #: _____

Phone: 918 747 8778
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):


Phone: _____
Last Four Digits of Acct #: _____


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:   /s/ Craig Ari Loren, Member                        Date: 7/12/2011
          Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Transfer of Claim

This agreement (the "Agreement") is entered into between Redline Signs ("Assignor") and Debt Acquisition Group, LLC or assignee ("Assignee") with regard to the following matters:

1. Assignor, in consideration of the sum of ▮▮▮▮▮▮ representing approximately ▮▮▮ of the current amount outstanding in U.S. Dollars on the Assignor's trade claim (the **"Purchase Price"**), does hereby transfer to Assignee all of the Assignor's right, title and interest in and to all of the claims of Assignor, including the right to amounts owed under any executory contract and any respective cure amount related to the potential assumption and cure of such a contract (the "Claim"), against Palm Harbor Homes ,Inc. (the "Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court, District of Delaware, case number 10-13850 in the current amount of not less than $949.55 ("the Claim Amount"), and all rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, cure payments, and other property which may be paid or issued by the Debtor in satisfaction of the Claim, right to litigate, receive litigation proceeds and any and all voting rights related to the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

2. Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount. Assignor represents and warrants that the amount of the Claim is not less than the Claim Amount, that this amount is the true and correct amount owed by Debtor to the Assignor, and that no valid defense or right of set-off to the Claims exists.

3. Assignor further represents and warrants that no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim to impair its value.

4. Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment, Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, then Assignee, solely at its own option, shall be entitled to make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor. To the extent necessary, Assignor grants to Assignee a Power of Attorney whereby the Assignee is authorized at Assignee's own expense to defend against all avoidance actions, preferential payment suits, and fraudulent conveyance actions for the benefit of the Assignor and the Assignee; however Assignee has no obligation to defend against such actions. If the Bar Date for filing a Proof of Claim has passed, Assignee reserves the right, but not the obligation, to purchase the Trade Claim for the amount published in the Schedule F.

5. Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding its sale of the Claim.

6. Assignee will assume all of the recovery risk in terms of the amount paid on the Claim, if any, at emergence from bankruptcy or liquidation. Assignee does not assume any of the risk relating to the amount of the claim attested to by the Assignor. In the event that the Claim is disallowed, reduced, subordinated or impaired for any reason whatsoever, Assignor agrees to immediately refund an pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Claim disallowed divided by the Claim, plus 8% interest per annum from the date of this Agreement until the date of repayment. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. The Assignee or Assignor shall have the right to defend the claim, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses.

7. To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee or Joseph E. Sarachek as its true and lawful attorney, as the true and lawful agent and special attorneys-in-fact of the Assignor with respect to the Claim, with full power of substitution (such power of attorney being deemed to be an irrevocable power coupled with an interest), and authorizes Assignee or Joseph E. Sarachek to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim, litigate for any damages, omissions or other related to this claim, vote in any proceedings, or any other actions that may enhance recovery or protect the interests of the Claim. Assignor grants unto Assignee, full authority to do all things necessary to enforce the Claim and Assignor's rights there under. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings or in any other dispute arising out of or relating to the Claim, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings. Assignor agrees to take such reasonable further action, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents. The Power of Attorney shall include without limitation, (1) the right to vote, inspect books and records, (2) the right to execute on behalf of Assignor, all assignments, certificates, documents and instruments that may be required for the purpose of transferring the Claim owned by the Assignor, (3) the right to deliver cash, securities and other instruments distributed on account of the Claim, together with all accompanying evidences of transfer and authenticity to, or upon the order of, the Assignee; and (4) the right after the date of the Agreement to receive all benefits and cash distributions, endorse checks payable to the Assignor and otherwise exercise all rights of beneficial ownership of the Claim. The Purchaser shall not be required to post a bond of any nature in connection with this power of attorney.

8. Assignor shall forward to Assignee all notices received from the Debtor, the court or any third party with respect to the Claim, including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the proceedings, as Assignee may request from time to time, including the provision to the Assignee of all necessary supporting documentation evidencing the validity of the Assignor's claim. Assignor acknowledges that any distribution received by Assignor on account of the Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

9. In the event of any dispute arising out of or relating to this Agreement, whether or not suit or other proceedings is commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including without limitation, any adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the prevailing party shall be entitled to its costs and expenses incurred, including reasonable attorney fees.

10. The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

11. Assignor hereby acknowledges that Assignee may at any time further assign the Claim together with all rights, title and interests of Assignee under this Agreement. All representations and warranties of the Assignor made herein shall survive the execution and delivery of this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

12. This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the Assignee, as evidenced by a countersignature of this Agreement. The Assignee may reject the proffer of this contract for any reason whatsoever.

13. This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Agreement may be brought in any state or federal court located in New York, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process of Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waive any right to demand a trial by jury.

**You must include invoices, purchase orders, and/or proofs of delivery that relate to the claim.**

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

IN WITNESS WHEREOF, the undersigned **Assignor** hereto sets his hand this __11th__ day of __July__, 2011.

Attest
__/s/ Matt Smith__
Signature

__Redline Signs & Graphics__
Name of Company

__Matt Smith Owner__
Print Name and Title

__4630 E. 31st Tulsa OK 74135__
Address of Company

__918-747-8778__
Phone Number

__918-747-8781__
Fax Number

__redlinesigns@sbcglobal.net__
Email

Debt Acquisition Group, LLC
10 Rockefeller Center Ste 601
New York, NY 10020
(212) 265-7016 (ph)
(646) 496-9182 (fax)
aloren@debtacquisitiongroup.com

__/s/ Craig A Loren__
Agreed and Acknowledged
Craig A Loren

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | PROOF OF CLAIM | |
|---|---|---|
| In re: Palm Harbor Homes, Inc. | Case Number: 10-13850 | YOUR CLAIM IS SCHEDULED AS: Schedule/Claim ID s3179<br>Amount/Classification $949.55 Unsecured |

NOTE: See Reverse for List of Debtors/Case Numbers/ important details. Other than claims under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for administrative expenses arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).

**Name of Creditor and Address:** the person or other entity to whom the debtor owes money or property

25842547009762
SMITH, MATTHEW R
DBA/REDLINE SIGNS, LLC.
4630 E 31ST.
TULSA, OK 74135

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

The amounts reflected above constitute your claim as scheduled by the Debtor or pursuant to a filed claim. If you agree with the amounts set forth herein, and have no other claim against the Debtor, you do not need to file this proof of claim EXCEPT as stated below.

**If the amounts shown above are listed as Contingent, Unliquidated or Disputed, a proof of claim must be filed.**

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.

Creditor Telephone Number ( ) 918-747-8778

RECEIVED
APR 15 2011
BMC GROUP

**THIS SPACE IS FOR COURT USE ONLY**

☐ Check this box to indicate that this claim amends a previously filed claim.
Claim Number (if known): ___
Filed on: ___

Name and address where **payment** should be sent (if different from above):

Payment Telephone Number ( )

**1. AMOUNT OF CLAIM AS OF DATE CASE FILED** $ 949.55

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete item 5.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. BASIS FOR CLAIM:** Made Signs / Never Paid

(See instructions #2 and #3a on reverse side.)

**3. LAST FOUR DIGITS OF ANY NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:** ___
3a. Debtor may have scheduled account as: ___

**4. SECURED CLAIM** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of set off and provide the requested information
Nature of property or right of setoff:
☐ Real Estate ☐ Motor Vehicle ☐ Other ___
Value of Property: $ ___ Annual Interest Rate: ___%

Secured Claim Amount: $ ___
Unsecured Claim Amount: $ ___
Amount of arrearage and other charges as of time case fi included in secured claim, if any: $ ___
DO NOT include the priority portion of your claim here.
Basis for Perfection: ___

**5. PRIORITY CLAIM**
☒ Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).
If any portion of your claim falls in one of the following categories, check the box and state the amount.

**You MUST specify the priority of the claim:**
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $11,725*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

Unsecured Priority Claim Amount: $ ___
Include ONLY the priority portion of your unsecured claim here.

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( ___ ).
* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**SECTION 503(b)(9) CLAIM** $ ___
☐ Check this box if your claim is for the value of goods received by the debtor within 20 days before the date of commencement of the case (11 U.S.C. § 503(b)(9)). Include the amount of such claim in the space for "Amount entitled to priority" above.

**6. CREDITS:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** Attach redacted copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of evidence of perfection of a security interest. (See instruction 7 and definition of "redacted" on reverse side.) If the documents are not available, please explain.

**DATE-STAMPED COPY** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is actually received on or before 4:00 pm, prevailing Eastern Time on April 18, 2011 for No Governmental Claimants OR on or before May 28, 2011 for Governmental Units.

**BY MAIL TO:**
BMC Group, Inc
Attn: Palm Harbor Homes, Inc. Claims Processing
PO Box 3020
Chanhassen, MN 55317-3020

**BY HAND OR OVERNIGHT DELIVERY TO:**
BMC Group, Inc
Attn: Palm Harbor Homes, Inc. Claims Processing
18750 Lake Drive East
Chanhassen, MN 55317

**THIS SPACE FOR COURT USE ONLY**
Palm Harbor
01192

| DATE 4/12/11 | SIGNATURE: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>Matt Smith Owner Redline Signs |
|---|---|

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571