IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PHH Liquidation Trust, et al.,[1] | ) | Case No. 10-13850 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **RE: Docket Nos. 812 and 1008** |

## DEBTORS' REPLY TO CREATIVE DESIGNS AND SOLUTIONS' OBJECTION TO CONFIRMATION OF THE LIQUIDATING PLAN

PHH Liquidation Trust ("PHH") and its related debtors (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned case, hereby file their reply (the "Reply") to the Creative Designs and Solutions' ("Creative") Objection to the Liquidating Plan [Docket No. 1008] (the "Creative Objection").[2] In support of this Reply, the Debtors respectfully state as follows:

1. On August 5, 2011, the Debtors and the official committee of unsecured creditors (the "Committee") filed the *Joint Plan of Liquidation Proposed by Debtors and Committee for Palm Harbor Homes, Inc. and Its Related Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 812] (the "Plan").

2. On November 4, 2011, Creative filed the Creative Objection, which objected to the confirmation of the Plan on three bases: (i) the Debtors negotiated the pre-petition purchase of materials from Creative in bad faith (see Creative Objection, ¶ 2); (ii) the Debtors improperly

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHH Liquidation Trust (f/k/a Palm Harbor Homes, Inc.), a Florida corporation (6634); Palm Harbor Albemarle, LLC (1014); Nationwide Homes, Inc. (4881); Palm Harbor Real Estate, LLC (8234); Palm Harbor GenPar, LLC (0198); and Palm Harbor Manufacturing, LP (0199). The location of the Debtors' corporate headquarters and service address is: Alvarez & Marsal, c/o Palm Harbor Winddown; 2100 Ross Avenue, 21st Floor, Dallas, TX 75201.

[2] The Debtors and the Committee have resolved objections to Plan confirmation filed by Travis County, Texas [Docket No. 950]; Eagle Mountain-Saginaw ISD, et al. [Docket No. 1010]; the Internal Revenue Service [Docket

1

2144204.1

sold these materials to a third party without satisfying Creative's outstanding pre-petition invoices (see Creative Objection, ¶ 3); and (iii) the definition of "Critical Vendor" "is flawed and allows bias" because it affords other parties, and not Creative, priority treatment (see Creative Objection, ¶¶ 4-6). To remedy these alleged deficiencies, Creative seeks payment in full in the amount of $116,304.19 on account of its pre-petition invoices. See Creative Objection, ¶ 7. In the alternative, Creative seeks the return of certain assets provided to the Debtors prior to their bankruptcy filings. Id.

3. The Court should overrule the Creative Objection because the Plan properly classifies the amount purportedly owed to Creative as a Class 4 General Unsecured Claim. On January 24, 2011, Creative filed a general unsecured claim in the amount of $116,304.19 against the estate of Palm Harbor Homes, Inc. (the "Creative Claim"). A true and correct copy of the Creative Claim is attached hereto as Exhibit A. The attachment to the Creative Claim, which Creative also attached to its Objection (see Creative Objection, Ex. A), summarizes outstanding invoices for "Services / Merchandise Rendered" by Creative to the Debtors from July 17, 2010 through September 23, 2010. As these dates show, Creative ceased providing the Debtors with "Services / Merchandise" more than one month prior to November 29, 2010, the petition date for these Chapter 11 Cases. As such, the Plan properly classifies the amount reflected in the invoices as a Class 4 General Unsecured Claim, and the Creative Objection should be overruled.

4. The Court should also overrule the Creative Objection because Creative—contrary to its assertions in the Creative Objection—is not a Critical Vendor.[3] On November 29, 2010, the Debtors filed their Critical Vendor Motion, which the Court approved on December

---

No. 1011]; the Texas Comptroller of Public Accounts [Docket No. 1014]; and the Cronin Company [Docket No. 1024].

[3] As defined in the *Motion for Entry of an Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors* [Docket No. 15] (the "Critical Vendor Motion").

23, 2010. See *Final Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors* [Docket No. 152] (the "Critical Vendor Order"). Pursuant to the Critical Vendor Order, the Debtors were permitted to use their discretion to identify Critical Vendors and negotiate terms of payment on account of the Critical Vendors' claims. See, e.g., Critical Vendor Order, ¶ 2 (authorizing the Debtors, "in their sole discretion," to pay certain claims of Critical Vendors); ¶ 3 (authorizing the Debtors, "in their sole discretion," to enter into post-petition Critical Vendor Agreements); ¶ 12 (detailing procedures for the selection of Critical Vendors in consultation with the Committee). The Debtors never identified Creative as a Critical Vendor, entered into a Critical Vendor Agreement with Creative, or otherwise agreed to satisfy Creative's pre-petition invoices. As a result, Creative in not a Critical Vendor, and the Creative Objection should be overruled.

WHEREFORE, for the reasons stated above, the Debtors respectively request that the Court: (i) overrule the Creative Objection; and (ii) provide such other relief as the Court deems appropriate and just.

[remainder of page intentionally left blank]

2144204.1

Dated: Wilmington, Delaware
November 14, 2011

Respectfully submitted,

LOCKE LORD LLP
David W. Wirt (Admitted Pro Hac Vice)
Aaron C. Smith (Admitted Pro Hac Vice)
Courtney E. Barr (Admitted Pro Hac Vice)
111 S. Wacker Drive
Chicago, Illinois 60606-4410
Telephone: (312) 443-0485
Fax: (312) 443-0336

-and-

POLSINELLI SHUGHART

/s/ *Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Fax: (302) 252-0921

COUNSEL FOR THE DEBTORS