IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PHH Liquidation Trust, et al.,[1] | ) | Case No. 10-13850 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Objection Deadline: December 5, 2011 at 4:00 p.m. (ET) |
| | ) | Hearing Date: December 13, 2011 at 10:00 a.m. (ET) |

## FOURTH MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN

PHH Liquidation Trust ("PHH") and its related debtors (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned cases, hereby file their motion (the "Motion") to further extend the Exclusive Filing Period (defined below) through and including December 16, 2011 and the Exclusive Solicitation Period (defined below) through and including December 16, 2011. In support hereof, the Debtors respectfully state:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PHH Liquidation Trust (f/k/a Palm Harbor Homes, Inc.), a Florida corporation (6634); Palm Harbor Albemarle, LLC (1014); Nationwide Homes, Inc. (4881); Palm Harbor Real Estate, LLC (8234); Palm Harbor GenPar, LLC (0198); and Palm Harbor Manufacturing, LP (0199). The location of the Debtors' corporate headquarters and service address is: Alvarez & Marsal, c/o Palm Harbor Winddown; 2100 Ross Avenue, 21st Floor, Dallas, TX 75201.

## II.
## BACKGROUND

3. On November 29, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the above-captioned chapter 11 cases. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Declaration of Brian E. Cejka in Support of Chapter 11 Petitions and First Day Pleadings (the "Cejka Declaration"), filed on the Petition Date and fully incorporated herein by reference.[2]

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee has been appointed in these cases. On December 14, 2010, the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). On January 25, 2011, the Court appointed a fee examiner (the "Fee Examiner").

6. On March 4, 2011, the Court entered an *Order Pursuant to 11 U.S.C. §§ 363 and 365 (A) Authorizing and Approving Asset Purchase Agreement By and Among the Debtors, as Sellers, and Palm Harbor Homes, Inc., a Delaware Corporation, as Purchaser, Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and (C) Granting Related Relief* [Docket No. 354] (the "Sale Order").

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Cejka Declaration.

7. On April 18, 2011, the Court entered the *Order Extending the Debtors' Exclusive Periods to File and Solicit Acceptances of a Chapter 11 Plan* [Docket No. 530] (the "First Extension Order"). The First Extension Order (i) extended the period in which the Debtors had the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") by fifty-nine (59) days, through and including May 27, 2011; (ii) extended the period in which the Debtors had exclusive right to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods") by fifty-nine (59) days, through and including July 29, 2011; and (iii) granted the extensions of the Exclusive Periods without prejudice to the right of the Debtors to request additional extensions of the Exclusive Periods.

8. On July 8, 2011, the Court entered the *Order Further Extending the Debtors' Exclusive Periods to File and Solicit Acceptances of a Chapter 11 Plan* [Docket No. 756] (the "Second Extension Order"). The Second Extension Order (i) extended the Exclusive Filing Period by sixty-two (62) days, through and including July 28, 2011; (ii) extended the Exclusive Solicitation Period by sixty (60) days, through and including September 27, 2011; and (iii) granted the extensions of the Exclusive Periods without prejudice to the right of the Debtors to request additional extensions of the Exclusive Periods.

9. On August 12, 2011, the Court entered the *Order Further Extending the Debtors' Exclusive Periods to File and Solicit Acceptances of a Chapter 11 Plan* [Docket No. 830] (the "Third Extension Order," and together with the First Extension Order and the Second Extension Order, the "Prior Extension Orders"). The Third Extension Order (i) extended the Exclusive Filing Period by eight (8) days, through and including August 5, 2011; (ii) extended the Exclusive Solicitation Period by fifty (50) days, through and including November 16, 2011; and

(iii) granted the extensions of the Exclusive Periods without prejudice to the right of the Debtors to request additional extensions of the Exclusive Periods.

10. On August 5, 2011, the Debtors and the Committee filed the *Joint Plan of Liquidation Proposed by Debtors and Committee for Palm Harbor Homes, Inc. and Its Related Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 812] (the "Plan"). The Plan confirmation hearing is scheduled to take place on November 17, 2011, one day after the expiration of the current Exclusive Solicitation Period.

## III.
## RELIEF REQUESTED

11. By this Motion, the Debtors request the entry of an order (the "Order"), attached hereto as Exhibit A, that: (a) further extends the Exclusive Filing Period through and including December 16, 2011; and (b) further extends the Exclusive Solicitation Period through and including December 16, 2011. The Debtors also request that these extensions be without prejudice to the Debtors' right to request further extensions of the Exclusivity Periods or to seek other appropriate relief.

## IV.
## BASIS FOR RELIEF REQUESTED

12. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan.

13. Section 1121(c) of the Bankruptcy Code provides that if a debtor files a chapter 11 plan within the 120-day Exclusive Filing Period, the debtor has an initial period of 180 days after the commencement of its chapter 11 case to solicit acceptances of its chapter 11 plan. The Prior Extension Orders extended the Exclusive Solicitation Period through and including November 16, 2011.

14. Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend, for cause, the Exclusive Filing Period by as much as eighteen months, and the Exclusive Solicitation Period by as much as twenty months. Specifically, section 1121(d) of the Bankruptcy Code provides:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
>     (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

15. Courts have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case. See, e.g., First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986); In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wisc. 1986); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re Dow Corning Corp., 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); In re Mid-State Raceway, Inc., 323 B.R. 63, 68 (Bankr. N.D.N.Y. 2005).

16. Although the Bankruptcy Code does not define "cause" for the purpose of an extension of the Exclusivity Periods, courts have looked to the legislative history of section 1121(d) of the Bankruptcy Code for guidance. See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). In doing so, courts have found that Congress did not intend the 120- and 180-day

5

periods to serve as strict deadlines. Amko Plastics, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity); Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987) ("[t]he hallmark of . . . [section 1121(d)] is flexibility"). Rather, Congress intended that the Exclusivity Periods be of adequate length, given the circumstances, for a debtor to formulate, negotiate, and draft a viable plan. See H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted) ("[t]he court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. [T]he bill allows the flexibility for individual cases that is not available today").

17. Courts have also examined a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and therefore, whether there is "cause" for an extension of the Exclusivity Periods. These factors include:

  (a) the size and complexity of the case;
  (b) the necessity of sufficient time to negotiate and prepare adequate information;
  (c) the existence of good faith progress;
  (d) whether the debtor is paying its debts as they become due;
  (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
  (f) whether the debtor has made progress negotiating with creditors;
  (g) the length of time a case has been pending;
  (h) whether the debtor is seeking an extension to pressure creditors; and
  (i) whether unresolved contingencies exist.

See In re R.G. Pharm., Inc., 374 B.R. 484, 487 (Bankr. D. Conn. 2007); In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In re Friedman's Inc., 336 B.R. 884, 888 (Bankr. D. Ga. 2005); In re Central Jersey Airport Servs., LLC, 282 B.R. 176, 183 (Bankr. D.N.J. 2002).

18. Not all factors are relevant to every case, as courts tend to use a relevant subset of the above factors to determine whether cause exists to grant extensions of the Exclusivity Periods in a particular chapter 11 case. See, e.g., Express One Int'l, 194 B.R. at 100 (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusive periods); In re United Press Int'l, Inc., 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusive periods based on three of the factors).

19. "Cause" exists to further extend the Exclusivity Periods in the Debtors' chapter 11 cases. As noted above, the Debtors and the Committee filed the Plan on August 5, 2011. During the Exclusive Solicitation Period that has followed, the Debtors have solicited and have tabulated votes that overwhelmingly were in favor of Plan confirmation. The current Solicitation Period, however, expires on November 16, 2011, one day prior to the hearing on confirmation of the Plan. The relief requested herein will prevent this deadline from expiring immediately prior to the confirmation hearing.

20. The Exclusive Filing Period was originally set for 120 days following the commencement of these chapter 11 cases. The Previous Extension Orders extended the Exclusive Filing Period by a total of 129 days. By extending the Exclusive Filing Period through and including December 16, 2011, this request will establish an Exclusive Filing Period that will be slightly fewer than thirteen months from the commencement of these chapter 11 cases—well short of the eighteen months allowed under section 1121(d) of the Bankruptcy Code.

21. Likewise, the Exclusive Solicitation Period was originally set for 180 days following the commencement of these chapter 11 cases. The Previous Extension Orders extended the Exclusive Solicitation Period by a total of 169 days. The extension of the Exclusive Solicitation Period through December 16, 2011, will establish an Exclusive

Solicitation Period that will be slightly fewer than thirteen months from the commencement of these chapter 11 cases, which does not approach the twenty months allowed under section 1121(d) of Bankruptcy Code.

22. Based on the foregoing, the Debtors respectfully submit that cause exists to extend the Debtors' Exclusivity Periods pursuant to section 1121(d) of the Bankruptcy Code.

## V.
## NOTICE

23. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) the Office of the United States Attorney for the District of Delaware; (iv) counsel to the Committee; (v) counsel to the Purchaser; and (vi) all parties that have requested notice. Notice of this Motion will be served in accordance with Local Bankruptcy Rule 2002-1(b). In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## VI.
## NO PRIOR REQUEST

24. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[Remainder of page intentionally left blank]

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an Order in substantially the same form as that attached as <u>Exhibit A</u>, granting the relief requested herein; and (ii) provide such other relief as the Court deems appropriate and just.

Dated: Wilmington, Delaware
November 16, 2011

Respectfully submitted,

LOCKE LORD LLP
David W. Wirt (Admitted Pro Hac Vice)
Aaron C. Smith (Admitted Pro Hac Vice)
Courtney E. Barr (Admitted Pro Hac Vice)
111 S. Wacker Drive
Chicago, Illinois 60606-4410
Telephone: (312) 443-0485
Fax: (312) 443-0336

-and-

POLSINELLI SHUGHART PC

<u>/s/ Christopher A. Ward</u>
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Fax: (302) 252-0921

COUNSEL FOR THE DEBTORS