# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PALM HARBOR HOMES, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.: 10-13850 (CSS)<br>(Jointly Administered)<br><br>Objections Due: December 6, 2011 at 4:00 p.m.<br>Hearing Date: December 13, 2011 at 10:00 a.m. |

**GENERAL ELECTRIC COMPANY'S MOTION (I) FOR MODIFICATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 TO ALLOW SETOFF OF AMOUNTS OWED PURSUANT TO 11 U.S.C. § 553, (II) TO ALLOW SETOFF OF POST-PETITION AMOUNTS OWED PURSUANT TO APPLICABLE NON-BANKRUPTCY LAW, (III) FOR WAIVER OF THE STAY IMPOSED PURSUANT TO BANKRUPTCY RULE 4001(A)(3), AND (IV) FOR RELATED RELIEF**

General Electric Company and GE Home & Business Solutions (f/k/a GE Appliances Business Component) (collectively, "GE"), by and through its undersigned counsel, hereby files General Electric Company's Motion for (i) Modification of the Automatic Stay Pursuant to 11 U.S.C. § 362 to Allow Setoff of Amounts Owed Pursuant to 11 U.S.C. § 553, (ii) to Allow Setoff of Post-Petition Amounts Owed Pursuant to Applicable Non-Bankruptcy Law, (iii) for Waiver of the Stay Imposed Pursuant to Bankruptcy Rule 4001(A)(3), and (iv) for Related Relief (the "Motion"). In support of the Motion, GE represents as follows:

## PRELIMINARY STATEMENT

GE files the Motion out of an abundance of caution in order to preserve and effect its rights of setoff with respect to certain pre- and post-petition mutual debts related to rebate programs with the Debtors. While GE hopes to reach an amicable resolution of this issue with the Debtors without the need for the Court's intervention, GE believes it is compelled to file the Motion to preserve its setoff rights prior to confirmation of the Debtors' Plan (defined below) in accordance with the terms of the Debtors' "Notice of (A) the Solicitation and Voting Procedures,

and (B) the Objection Deadline and the Confirmation Hearing With Respect to the Plan" and Plan Article XI(E), which provides, among other things, that GE must file the Motion with the Court on or before the confirmation date in order to preserve its ability to pursue its setoff rights after the "Effective Date" under the Plan.

## BACKGROUND

A.  **The Bankruptcy Cases**

1. On November 29, 2010 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. Upon information and belief, the Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. On December 14, 2010, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Committee").

4. On August 5, 2011, the Debtors and Committee filed their Joint Plan of Liquidation Proposed by the Debtors and Committee for Palm Harbor Homes, Inc. and its Related Debtors under Chapter 11 of the Bankruptcy Code [D.I. 812] (as amended, modified, or supplemented, the "Plan") and Disclosure Statement for the Joint Plan of Liquidation Proposed by Debtors and Committee for Palm Harbor Homes, Inc. and its Related Debtors Under Chapter 11 of the Bankruptcy Code [D.I. 813] (as amended, modified, or supplemented, the "Disclosure Statement").

2

5.      On September 27, 2011, the Court approved the Disclosure Statement and authorized the Debtors and Committee to solicit acceptances of the Plan.  Further, the Court set a hearing on the Plan's confirmation for November 17, 2011.

**B.      GE's Business Relationship With and Claims Against the Debtors**

6.      Prior to the Petition Date, GE sold to and supplied the Debtors with various household appliances for installation in their new construction.  GE thereafter continued to do so after the Petition Date.  GE also continued the same rebate program that was in place pre-petition (described more fully hereinbelow) with the Debtors post-petition.

7.      Pursuant to the pricing agreement effective January 15, 2010 through December 31, 2013 (the "Agreement")[1], GE provided specific pricing terms for the Debtors, together with a 16% rebate (the "16% Rebates") on certain appliances purchased by the Debtors for installation in their new construction.  The Agreement called for a 5% price increase on all appliances purchased by the Debtors from GE during 2011, and a 2.5% increase on appliances purchased from GE during 2012.

8.      Due to the Debtors' worsening financial condition, they could not absorb the specified 5% price increase for 2011.  In turn, GE therefore modified the Agreement by only increasing the appliance prices by 2.5% and reducing the rebates from 16% to 14% (the "14% Rebates" and, together with the 16% Rebates, the "Rebates").

9.      The Rebates are calculated against the Debtors' total purchases on a semi-annual basis.  Notably, paragraph 1 on page 8 of the Agreement ("Standard Terms And Conditions Of Sale") provides that GE may, among other things, deduct, withhold, or setoff any amounts owed by GE to the Debtors against any or all current and future indebtedness (*e.g.*, the Rebates) that

---

[1]      The Agreement is governed by the laws of the State of New York.

debtors owe to GE. (A copy of the form Agreement is attached as Exhibit A; the Affidavit of John Elkins, in support of the Motion, is attached as Exhibit B.)

10. On February 15, 2011, the Court entered its Order establishing April 18, 2011 at 4:00 p.m. (Eastern) as the claims bar date in the Debtors' cases (the "Bar Date").

11. On January 18, 2011, GE filed a general unsecured proof of claim against Debtor Palm Harbor Homes, Inc. ("Palm Harbor"), in the amount of $485,985.90 ("Claim No. 189"). Claim No. 189 was subsequently amended on April 12, 2011, by a second proof of claim filed against Palm Harbor by GE in the amount of $407,567.53 ("Claim No. 1155"). In the addendum to Claim Nos. 189 and Claim No. 1155, GE reserved its rights to set off any Rebates against its unsecured claim against Palm Harbor.

12. On January 18, 2011, GE also filed an administrative proof of claim against Debtor Palm Harbor in the amount of $38,827.36 pursuant to Bankruptcy Code section 503(b)(9) for goods received within 20 days prior to the Petition Date ("Claim No. 190"). Claim No. 190 was subsequently amended by GE on May 25, 2011, by a second administrative proof of claim against Palm Harbor in the amount of $186,620.21 ("Claim No. 1381").

13. Additionally on January 18, 2011, GE filed a general unsecured proof of claim against Debtor Nationwide Homes, Inc. ("Nationwide") in the amount of $41,317.57 ("Claim No. 191"). Claim No. 191 was subsequently amended on April 12, 2011, by a second proof of claim filed by GE against Nationwide in the amount of $37,658.13 ("Claim No. 1153").

14. And also on January 18, 2011, GE filed an administrative proof of claim in the amount of $10,947.25 against Debtor Nationwide, pursuant to Bankruptcy Code section 503(b)(9), for goods received within 20 days prior to the Petition Date ("Claim No. 192").

4

Claim No. 192 was subsequently amended by GE on May 25, 2011, by a second administrative proof of claim against Nationwide in the amount of $33,042.28 ("Claim No. 1382").

15. On April 12, 2011, GE filed an additional general unsecured proof of claim against Palm Harbor in the amount of $2,729.47 ("Claim No. 1154", and together with Claim No. 1155, the "Palm Harbor Unsecured Claims"). GE asserts that the amounts set forth in the Palm Harbor Unsecured Claims represent the correct amounts of GE's pre-petition general unsecured claims against Debtor Palm Harbor.

16. As of the Petition Date, GE owed Palm Harbor Rebates totaling $142,762.95 for appliances provided pre-petition.

17. As noted hereinabove, after the Petition Date, GE continued to sell to, and supply the Debtors with appliances consistent with the terms of the Agreement and in the ordinary course of business between the parties. However, the Debtors have failed to pay GE in full for such appliances.

18. More particularly, and as previously noted, as of the date hereof GE is entitled to payment of its post-petition invoices for goods sold to Palm Harbor totaling $186,620.21 (the "Palm Harbor Administrative Claims"). At the same time, and pursuant to the Agreement, GE owes Palm Harbor Rebates that accrued post-petition totaling $103,867.00.

**JURISDICTION AND VENUE**

19. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

20. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

21. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5

## RELIEF REQUESTED

22. By the Motion, GE respectfully requests that the Court enter an order, substantially in the form attached as <u>Exhibit C</u>, modifying the automatic stay and allowing GE to setoff the Rebates earned pre-petition against the Pre-Petition Palm Harbor Claims pursuant to Bankruptcy Code sections 362 and 553 and the Agreement's setoff provisions. Further, GE seeks the Court's authorization to exercise its contractual rights to setoff any Rebates earned Post-Petition against the unpaid Palm Harbor Administrative Claims.

## BASIS FOR RELIEF

23. The right of setoff is of equitable origin, and has been recognized as a right under the common laws of every state, including New York, *i.e.,* the jurisdiction whose laws govern the Agreement. *See In re Bennett Funding Group,* 146 F.3d 136, 138 (2d Cir. 1998) ("there is no question that New York has long recognized a common law right of setoff"). This right is rooted in the idea that "allow[ing] entities that owe each other money to apply their mutual debts against each other ... avoid[s] the absurdity of making A pay B when B owes A." *In re Semcrude, L.P.,* 399 B.R. 388, 393 (Bankr. D. Del. 2009) (internal citations omitted); *see also Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18 (1995) (same); *In re Bennett Funding Group,* 146 F.3d at 139 (same). Moreover, setoff "is not dependent on the parties' contracts; rather, [it is an] equitable remed[y] available independent of any contractual remedy." *CDI Trust v. U.S. Elec., Inc. (In re Commc'n. Dynamics, Inc),* 382 B.R. 219, 226 (Bankr. D. Del. 2008).

24. Pursuant to paragraph 1 on page 8 of the Agreement and the common law right of setoff under New York law, GE has a right to setoff Rebates it owes the Debtors against any claim GE may hold against the Debtors. *See* Agreement, at ¶ 1, p. 8; *In re Bennett Funding Group,* 146 F.3d at 138.

6

A. **Pre-Petition Setoff**

25. Bankruptcy Code section 553(a) preserves any rights of setoff that may exist between a creditor and a debtor. *See Strumpf,* 516 U.S. at 20 (noting, as a general rule, "any right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code"); *Lawndale Steel Co. v. Magic Steel Co.,* 155 B.R. 990, 992 (Bankr. N.D. Ill 1993) (observing that "[a] creditor with the pre-petition right of setoff does not lose its rights by failing to setoff before a bankruptcy petition has been filed"); *Bennett Funding,* 146 F.3d at 139 (noting that the right of setoff extends to bankruptcy, and that bankruptcy courts have long required compelling circumstances to overcome enforcement of such right).

26. Four conditions must be met in order for a creditor to have its right to setoff recognized: (i) the creditor holds a claim against the debtor that arose pre-petition; (ii) the creditor owes a debt to the debtor that also arose pre-petition; (iii) the claim and the debt are mutual; and (iv) both the claim and the debt are each valid and enforceable. *See* 11 U.S.C. § 553(a); *see also In re Garden Ridge Corp.,* 338 B.R. 627, 633 (Bankr. D. Del. 2006); *In re Pardo v. Pacificare of Tex., Inc. (In re APF Co),* 264 B.R. 344, 354 (Bankr. D. Del. 2001).

27. Setoff is a permissive right and "lies within the equitable discretion of the bankruptcy court." *United States v. Martinez*, Civil Action No. 1:07-CV-0687, 2008 WL 408402, at *1 (M.D. Pa. Feb. 12, 2008) (*citing United States on behalf of IRS v. Norton,* 717 F.2d 767, 772 (3d Cir. 1982)); *see also Szymanski v. Wachovia Bank, N.A. (In re Szymanski),* 413 B.R. 232, 243 (Bankr. D. Pa. 2009) (noting that courts have disallowed valid rights to setoff only in "compelling circumstances") (*citing In re Whimsy, Inc.,* 221 B.R. 69, 74 (S.D.N.Y. 1998)). However, setoffs in bankruptcy are generally favored and a presumption in favor of their enforcement exists. *See Kentucky Cent. Ins. Co. v. Brown (In re Larbar Corp),* 177 F.3d 439,

7

PH1 2968953v2 11/17/11

447 (6th Cir. 1999); *In re De Laurentiis Entm't Group Inc.,* 963 F.2d 1269, 1277 (9th Cir. 1992); *see also Bennett Funding Group,* 146 F.3d at 139 ("Cases under the prior Bankruptcy Act required 'compelling circumstances' to disregard state sanctioned setoff rights . . . injunction against a setoff is 'strong medicine.'") (internal citations omitted).

    (i)    <u>GE and the Debtors hold Pre-Petition Claims Against Each Other</u>

28. The Bankruptcy Code's broad definition of "claim" allows any claim to be asserted against the debtor, regardless of whether such claim is "reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed [or] undisputed . . ." and will be allowed in bankruptcy regardless of its status being contingent or otherwise. 11 U.S.C. § 101(5) *see also Nationwide Mut. Ins. Co. v. Optel (In re Optel, Inc.)*, 60 Fed. Appx. 390, 394 (3d Cir. 2003) (internal citations omitted).

29. In this case, as evidenced by the invoice runs filed with the Palm Harbor Unsecured Claims, GE holds liquidated unsecured claims for goods sold to the Debtors in the ordinary course of the parties' businesses. Further, pursuant to the Agreement, the Debtors hold liquidated claims against GE in the amount of $142,762.95, which represents the pre-petition Rebates. Given the course of business between the Debtors and GE pursuant to the Agreement, there is no doubt that each holds a claim against the other.

    (ii)    <u>The Obligations between GE and the Debtors are Mutual</u>

30. The pre-petition claims and debts owed between a creditor and a debtor must be "mutual" to apply Bankruptcy Code section 553. 11 U.S.C. § 553. Courts have found that mutuality exists as long as the claim and debt are between the same parties, and the parties are acting in the same capacity. *See Semcrude,* 399 B.R. at 396; *Szymanski v. Wachovia Bank, N.A. (In re Szymanski),* 413 B.R. 232, 242 (Bankr. E.D. Pa. 2009); *In re Ne. Enters.,* 318 B.R. 625,

8

627 (Bankr. E. D. Pa. 2005). To meet the "capacity requirement", the parties must each owe the other something in his or her own name, and not as a fiduciary. *In re Nuclear Imaging Sys., Inc.,* 260 B.R. 724, 735 (Bankr. E. D. Pa. 2000); *see also Semcrude, L.P.,* 399 B.R. at 396 (noting "each party must own his claim in his own right severally, with the right to collect in his own name against the debtor in his own right and severally.") (internal quotations and citations omitted); *see also In re Garden Ridge Corp.,* 338 B.R. 627, 633 (Bankr. D. Del. 2006) (same). Furthermore, mutuality will exist even though the obligations to be setoff did not arise out of the same transaction "since the test is mutuality, not similarity, of obligation." *In re Elsinore Shore Assocs.,* 67 B.R. 926, 936 (Bankr. D.N.J. 1986) (permitting depository bank to setoff its claim against the debtor for reimbursement under open letters of credit against amounts held in the debtor's general account at the bank). Mutuality exists here where GE, acting as Palm Harbor's supplier, is the counter-party to the Agreement and the same legal entity obligated to pay the Rebates earned pre-petition.

(iii) <u>The Obligations Between GE and the Debtors are Valid and Enforceable</u>

31. The pre-petition claims and debts owed between a creditor and a debtor must constitute valid and enforceable obligations under applicable non-bankruptcy law in order for Bankruptcy Code section 553 to apply. 11 U.S.C. § 553(a)(1). GE's claims against Palm Harbor and Palm Harbor's claims against GE are each valid and enforceable under both the Bankruptcy Code and non-bankruptcy law. Specifically, the rights of the parties to enforce payment of the invoices and Rebates generated as a result of the Agreement are subject to, and governed by, non-bankruptcy contract law.

9

(iv) Cause Exists to Modify the Automatic Stay

32. Pursuant to Bankruptcy Code section 362(d)(1), a party with an interest in property of the estate may request relief from the stay "for cause." 11 U.S.C. § 32(d)(1). The existence of the right of setoff, alone, constitutes "cause" sufficient to grant relief from the automatic stay to permit the setoff of mutual claims and debts. *See In re Nuclear Imaging Sys. Inc.,* 260 B.R. at 730 (noting "[c]ourts have generally concluded that the existence of mutual obligations subject to set-off constitute sufficient 'cause' to meet the creditor's initial evidentiary burden in seeking relief from the automatic stay"). A creditor can establish a *prima facie* showing of "cause" under section 362(d)(1) simply by demonstrating its right to setoff. *See Szymanski,* 413 B.R. at 243 (observing that "[c]ourts generally recognize that, by establishing a right of setoff, the creditor has established a prima facie showing of 'cause' for relief from the automatic stay") *(citing In re Ealy,* 392 B.R. 408, 414 (Bankr. E.D. Ark. 2008)); *see also In re Whitaker,* 173 B.R. 359, 361 (Bankr. S. D. Ohio 1994); *United States v. Parrish (In re Parrish),* 75 B.R. 14, 16 (N.D. Tex. 1987) (reversing the denial of motion to lift stay where the creditor had established right to setoff).

33. Courts have broad discretion to lift the stay and should "balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief form the automatic stay if the relief is denied." *Robbins v. Robbins (In re Robbins),* 964 F.2d 342, 345 (4th Cir. 1992). Granting the Motion will not prejudice the Debtors, as it will simply permit GE to offset the "rebate debt" it already owes to Palm Harbor pursuant to the Agreement against the sums owed to GE by Palm Harbor with respect to appliances sold by GE to Palm Harbor and for which Palm Harbor has failed to provide payment. Therefore, having established that GE has a non-bankruptcy right to setoff enforceable in these

10

cases under Bankruptcy Code section 553(a), "cause" exists to grant relief from the automatic stay under Bankruptcy Code section 362(d)(1) for purposes of exercising such right in accordance with the Agreement.

B. **Post-Petition Setoff**

34. Finally, GE also seeks to exercise its state law rights under the Agreement to setoff the Rebates earned after the Petition Date against the Debtors' unpaid invoices for goods sold and delivered after the Petition Date.

**NOTICE AND NO PRIOR REQUEST**

35. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware, (ii) Debtors' counsel, (iii) the Committee's counsel, and (iv) all parties requesting notices pursuant to Bankruptcy Rule 2002. GE submits that no other or further notice need be provided.

36. No previous request for the relief sought by the Motion has been made to this or any other court.

Dated: November 17, 2011

**FOX ROTHSCHILD LLP**
*/s/ John H. Strock*
John H. Strock (No. 4965)
919 N. Market St., Suite 1300
P.O. Box 2323
Wilmington, DE 19899
Telephone: 302.654.7444
Facsimile: 302.656.8920

-and-

Richard M. Meth
75 Eisenhower Parkway, Suite 200
Roseland, NJ 07068
Telephone: 973.992.4800
Facsimile: 973.992.9125
*Counsel to General Electric Corporation and GE Home & Business Solutions*